FILED

07/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0200



IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0200

MARC FLORA and GLORIA FLORA,

Petitioners,

v.

FIRST JUDICIAL DISTRICT COURT,
HON. JAMES P. REYNOLDS, Presiding,

Respondent.

FILED

JUL 21 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Petitioners Marc Flora and Gloria Flora (Floras), via counsel, have filed a Petition for Rehearing of this Court's June 9, 2020 Order denying their petition for writ of supervisory control, in which they asked this Court to direct the First Judicial District Court, Lewis and Clark County, to reverse its Order that imposed discovery sanctions against Floras in Cause No. DDV-2011-471. Katy Wessel and John Mehan, two of the defendants in the underlying District Court case, object to Floras' petition for rehearing.

Under M. R. App. P. 20, this Court seldom grants petitions for rehearing. The rule makes clear that this Court will entertain a petition for rehearing on very limited grounds. In this instance, Floras allege that this Court should consider its petition for rehearing because the Order "overlooked some fact material to the decision." M. R. App. P. 20(1)(a)(i). Specifically, Floras allege that this Court erred because it based its denial of Floras' petition, in part, on Floras' alleged failure to provide "several key pieces of the record that contain not only context but material facts that this Court would need to examine to determine if the District Court abused its discretion in imposing sanctions."

In its Order denying Floras' petition for writ of supervisory control, this Court enumerated several pieces of the record it considered necessary to allow it to adequately consider whether the District Court's imposition of sanctions was an abuse of discretion: Floras' briefing on their motion to limit discovery; the District Court's order on the issue of

Floras' motion to limit discovery; a transcript of the September 24, 2019 status conference at which Floras objected to the scope of discovery; and Wessel and Mehan's second set of discovery requests. On petition for rehearing, Floras' assert that they had in fact included Wessel and Mehan's second set of discovery requests in their exhibits to this Court. Having reviewed the Appendix to Floras' petition for writ of supervisory control, we discovered that Floras' assertion is correct and that we did in fact overlook this document in reviewing Floras' filing. However, this document is but one of several portions of the record we believed was necessary to adequately review the District Court's decision for abuse of discretion and therefore the presence of this document alone does not change the outcome.

Floras further allege that this Court erred in failing to recognize that the District Court erred by concluding that Floras had failed to respond to a request from Defendants to inspect Floras' property. Floras asserted in their petition, and reiterate here, that this "request" to inspect their property was a Motion for Inspection of Property, filed by Defendants on June 19, 2018. However, Wessel and Mehan's Brief in Support of Motion for Rule 37 Sanctions, which Floras submitted to this Court in their Appendix to their petition for writ of supervisory control, explains that on November 8, 2019, their counsel provided a written request to Floras to allow them to inspect Floras' property. The November 8, 2019 written request—not the June 19, 2018 Motion for Inspection—forms the basis of the corresponding finding in the District Court's Order that is the subject of the present action in this Court. Floras arguments to the contrary, based on the incorrect assertion that the June 19, 2018 Motion for Inspection of Property is at issue, are therefore inapposite.

Having fully considered Floras' petition and Wessel and Mehan's response, the Court concludes that rehearing is not warranted under Rule 20.

IT IS THEREFORE ORDERED that the petition for rehearing is DENIED.

The Clerk is directed to provide copies of this Order to all parties and counsel of record.

Dated this _____ day of July, 2020.

_____
Chief Justice

2

_____

_____

_____

_____
Justices

3